**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MICHELLE L. SCOTT,

      Plaintiff,                                CASE NO.: 6:21-cv-01213

v.

                                             **JURY TRIAL DEMANDED**

SPP INC., and DNF
ASSOCIATES, LLC,

      Defendant.

_____/

**COMPLAINT**

NOW comes MICHELLE L. SCOTT ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SPP INC. ("SPP"), and DNF ASSOCIATES, LLC ("DNF") (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4.   Plaintiff is a 50 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Kissimmee, Florida, which lies within the Middle District of Florida.

5.   SPP is a third party debt collector holding itself as "the fastest growing company in the receivables management industry" that services "all types of account receivables in a vast amount of marketplaces in many different industries."[1] SPP is a corporation organized under the laws of the state of Georgia with its principal place of business located at 3780 Old Norcross Road, Suite 103-206, Duluth, Georgia. Defendant regularly collects upon consumers nationwide, including those located in the state of Florida.

6.   DNF is a debt purchaser and third party debt collector with "more than 75 years of combined experience in the realm of debt purchasing and collections."[2] DNF is a limited liability company organized under the laws of the state of New York and maintains Cogency Global, Inc., 10 East 40th Street, 10th Floor, New York, New York, 10016 as its registered agent for service of process.

7.   Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

8.   Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   The instant action arises out of Defendants' attempts to collect upon an outstanding debt ("subject debt") said to be owed by Plaintiff.

---

[1] https://www.sppinc.co/
[2] https://www.diversefundingllc.com/

10.   The subject debt stems from Plaintiff's purported defaulted and past due payments owed in connection with a Indigo MasterCard Plaintiff used for personal purposes.

11.   Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and sold to various debt purchasers, including DNF.

12.   In approximately March 2021, SPP sent or caused to be sent to Plaintiff a collection letter attempting to collect upon the subject debt.

13.   This was the first collection letter Plaintiff received from SPP in connection with the subject debt.

14.   Due to the age of the debt and its numerous changing of hands, Plaintiff was unsure as to whether the debt serving as the basis of Defendant's collection effort was legitimate or whether Defendants actually had any right to collect upon the subject debt.

15.   Despite this being the first collection letter Plaintiff received, SPP's collection letter deceptively stated that "[p]rior notifications have been left and there has been a failure to resolve any communication. Our office is now in position to demand the entire balance listed above."

16.   Plaintiff became confused and distressed by SPP's representation, as she did not recall getting any previous correspondence from SPP and was concerned whether he was being provided all of the necessary information alluded to in SPP's collection letter.

17.   SPP's collection letter goes on to state that "[p]ursuant to the terms of the contract, formal demand is now made for you to pay the balance owed immediately from the receipt of this letter."

18.   Thereafter, the letter states, "[i]f you fail to comply with the terms we will be forced to recommend any and all means to recover the entire past due balance on your account. Your immediate attention is required for a resolution on this matter."

19. Then, the collection letter states "You can contact us to resolve the balance in full immediately."

20. Plaintiff became distressed as a result of SPP's statements, as the entire language was designed to compel Plaintiff's immediate action in connection with the subject debt, yet Plaintiff was confused about whether she actually owed this debt, who SPP was, who DNF was, or whether Defendants' collection efforts were even legitimate.

21. Furthermore, Plaintiff's limited financial means precluded Plaintiff from being able to address the subject debt immediately, even if the subject debt were legitimate.

22. SPP's representation that failure to act immediately could result in "any and all means" to recover the debt, which Plaintiff and unsophisticated consumers would take as a threat of litigation, further caused Plaintiff distress and aggravation as Plaintiff was concerned she would be sued in connection with the subject debt, despite her immense confusion and concern surrounding the nature of Defendant's collection efforts.

23. It was generally deceptive for SPP to suggest that Plaintiff needed to act immediately in order to avoid suit, as SPP's threat was made absent intent to follow through – since despite Plaintiff's lack of immediate response, no further actions have been taken.

24. SPP instead inflated the purported immediacy with which Plaintiff purportedly needed to act in order to unduly increase the pressure on Plaintiff to address the subject debt.

25. SPP's invocation of immediate action similarly resulted in an overshadowing of Plaintiff's dispute and validation rights afforded under the FDCPA, as Plaintiff was put at risk of foregoing such otherwise available rights as a result of SPP's deceptive and inconsistent demands for immediate action.

26.  Compounding Plaintiff's confusion and the deficiency in SPP's collection letter is its failure to adequately provide Plaintiff an accurate and complete recitation of Plaintiff's rights under 15 U.S.C. § 1692g(a) of the FDCPA.

27.  As the initial written communication Plaintiff received from SPP in connection with the subject debt, SPP's collection letter was required to provide Plaintiff with the information outlined in 15 U.S.C. § 1692g(a)(1)-(5).

28.  However, SPP's collection fails to inform Plaintiff that any dispute submitted pursuant to 15 U.S.C. § 1692g(a)(4) must be in writing, despite such *written* dispute being needed to trigger Defendants' obligation to cease collection of the subject debt until providing validation of the debt.

29.  Further, SPP's collection letter completely fails to provide Plaintiff the disclosures required by 15 U.S.C. § 1692g(a)(5).

30.  Confused and concerned by the nature of Defendants' conduct and collection letter, Plaintiff spent time attempting to figure out the nature of Defendants' collection efforts, and further conferred with counsel, resulting in the accrual of time and expenses.

31.  Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to: emotional distress, lost time dealing with Defendants' confusing collection campaign, confusion, informational injury, and a violation of her state and federally protected substantive rights to be free from deceptive and unfair debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

34. Defendants are debt collectors, as defined by 15 U.S.C. § 1692a, because they are persons who use any instrumentality of interstate commerce or the mails in a business the principal purpose

of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

35. DNF, as a debt purchaser and debt collector, would not exist but for their use of instruments of interstate commerce in a business the principal purpose of which is the collection of debts. DNF's sole purpose in purchasing debts is to subsequently attempt to collect such debts, whether directly or indirectly, underscoring that it is a business the principal purpose of which is the collection of debts.

36. DNF is directly liable under the FDCPA for their conduct as a debt collector, as well as vicariously liable for the FDCPA violations engaged in by SPP. Upon information and belief, DNF controlled SPP's collection actions, including what information was included in the collection letter, such that DNF and SPP enjoyed a principal-agent relationship, respectively..

37. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   **a. Violations of FDCPA § 1692d**

38. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

39. Defendants violated § 1692d through the vague threats of legal or other adverse action in the event Plaintiff failed to act immediately in response to Defendants' collection letter. Defendants made such threat not in a legitimate warning of action to be taken, but instead in a harassing attempt to abuse Plaintiff into addressing the subject debt before the bevy of illusory adverse consequences befell her.

6

**b.  Violations of FDCPA § 1692e**

40. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

42. Defendants violated 15 U.S.C. §§ 1692e, e(5), and e(10) through the deceptive representations regarding the immediacy with which Plaintiff needed to act in response to Defendants' collection letter. Defendants' collection letter was designed to suggest to Plaintiff that failing to address the subject debt immediately after receiving it would result in Defendants' pursuing further, more aggressive efforts to collect the subject debt. However, that suggestion was deceptive and misleading, as no such adverse actions have been taken by Defendants. Defendants made their deceptive and misleading threats of immediate action not as a warning of activity intended to be taken, but instead as part of a scheme designed to scare Plaintiff into addressing the obligation with Defendants promptly.

43. Defendants further violated 15 U.S.C. §§ 1692e and e(10) when they deceptively suggested that previous collection letter has been sent to Plaintiff. Such statement was blatantly false and was done to scare Plaintiff into believing she had been ignoring correspondences from Defendants that she should not have been ignoring, when that was not the case.

44. Additionally, Defendants further violated 15 U.S.C. §§ 1692e and e(10) when they deceptively and misleadingly outlined the nature of Plaintiff's dispute and validation rights in the collection letter. Defendants provided Plaintiff an inaccurate description of the nature and extent of her dispute and validation rights, which was inherently deceptive and misleading under the FDCPA.

### c.  Violations of FDCPA § 1692f

45. The FDCPA pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

46. Defendants violated § 1692f when they unfairly outlined the illusory immediacy with which Plaintiff needed to respond to their collection letter.

47. Defendants further violated § 1692f when they unfairly misstated Plaintiff's dispute and validation rights afforded to her under the FDCPA.

### d.  Violations of FDCPA § 1692g

48. The FDCPA, pursuant to 15 U.S.C. §1692g, requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains various pieces of information. Pursuant to 15 U.S.C. § 1692g(a)(4), such communication must include "a statement that if the consumer notifies the debt collector **in writing** with the thirty day validation period that the debt . . . is disputed, the debt collector will obtain verification . . . and a copy of such verification will be mailed to the consumer . . . ." (emphasis added). Pursuant to 15 U.S.C. § 1692g(a)(5), such communication must similarly contain "a statement that, upon the consumer's **written** request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." (emphasis added).

49. Further, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

50. Defendants violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that the dispute had to be provided in writing. As courts across the country have noted, only written disputes trigger the obligation of debt collectors to act in response to such disputes in the manner outlined by the FDCPA.

51. Defendants further violated 15 U.S.C. § 1692g(a)(5) by completely omitting these required disclosures.

52. Furthermore, Defendants violated 15 U.S.C. § 1692g(b) by both overshadowing and acting inconsistently with Plaintiff's dispute and validation rights afforded under the FDCPA. Defendants overshadowed Plaintiff's dispute and validation rights through the repeated demands for immediate action in response to the collection letter. Additionally, Defendants acted inconsistently with Plaintiff's dispute and validation rights by failing to provide Plaintiff with an accurate and complete picture of the nature of her dispute and validation rights.

WHEREFORE, Plaintiff, MICHELLE L. SCOTT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 27, 2020                                 Respectfully submitted,

<u>s/Alejandro E. Figueroa</u>
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
alejandrof@sulaimanlaw.com